UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GIDGET GALLOW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-217 |
| | § | |
| BANK OF NEW YORK MELLON | § | |
| TRUST COMPANY NA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant Bank of New York Mellon Trust Company ("the Bank") moves for summary judgment on Plaintiff Gidget Gallow's suit alleging breach of contract stemming from the Bank's foreclosure on Gallow's homestead property. For the following reasons, the Bank's motion is **GRANTED**.

## I.   BACKGROUND

In October 2004, Gallow purchased the subject property, located in League City, Texas. Gallow signed a promissory note and deed of trust to secure payment for the property. Mortgage Investment Lending Associates, Inc. was the original beneficiary of the deed of trust. The loan was later assigned to the Bank.

By December 2011, Gallow had defaulted on the loan. The Bank sent Gallow a notice of default on January 2, 2012. The default was not cured, and on May 30, 2012, the Bank sent Gallow a notice of acceleration and a notice of

substitute trustee's sale, setting a foreclosure sale for July 3, 2012. Gallow alleges she did not receive notice of her default prior to the Bank instituting foreclosure proceedings.

On June 27, 2012, Gallow filed suit in state court. The Bank timely removed to this Court. Gallow originally asserted claims for breach of contract and declaratory and injunctive relief, alleging that the Bank did not have standing to foreclose and that Gallow did not receive proper notice. The Bank filed a Rule 12 motion for judgment on the pleadings. In the Order dismissing the Bank's motion as moot, the Court stated that it had conducted a search of the Galveston County property records and was satisfied that the Bank held both the note and deed of trust to Gallow's property, disposing of the standing issue. *See* Docket Entry No. 13 at 1–2.

The Court allowed Gallow to replead her allegations regarding the notice issue. After Gallow filed her amended complaint, the Bank filed its motion for summary judgment on March 20, 2013. Gallow did not file a response by her April 10 deadline.[1]

## II.   STANDARD OF REVIEW

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material

---

[1] The Court contacted Gallow's counsel, who was aware of the deadline and acknowledged that no response was filed because counsel had no good faith response to the Bank's arguments.

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted). Even when no response is filed to a motion for summary judgment, the movant still has the burden to show that it is entitled to judgment as a matter of law. *See John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("[S]ummary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to defendants' motion for summary judgment."(citation omitted)).

## III. ANALYSIS

The Bank argues that summary judgment is appropriate because Texas law requires only that the debtor receive constructive notice, as opposed to actual notice, of default and foreclosure sale. Under Texas law, "[s]ervice of notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code Ann. § 51.002(e). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.*

3 / 5

The Bank has provided sufficient evidence to establish that notice was properly served on Gallow as required by Texas law.  The Bank has attached to its motion the notice of default, notice of acceleration, notice of sale, and two affidavits certifying that these notices were sent to Gallow.  *See* Docket Entry No. 17-1.  Because this undisputed evidence demonstrates that the Bank sent proper notice, summary judgment is appropriate.  *See Gossett v. Fed. Home Loan Mortg. Corp.*, --- F. Supp. 2d ----, 2013 WL 321664, at *6 (S.D. Tex. Jan. 24, 2013) (finding that defendants were entitled to summary judgment when evidence conclusively established that defendants had sent notice to plaintiff in accordance with Texas law).

The Bank also argues that Gallow's breach of contract claim fails because she was undisputedly in default on her loan as of December 2011.  "A party to a contract who is himself in default cannot maintain a suit for its breach."  *Cole v. Bank of Am., N.A.*, No. H-12-0006, 2012 WL 465190, at *2 (S.D. Tex. Feb. 13, 2012) (internal punctuation omitted) (quoting *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999)).  Because Gallow does not dispute that she was in default, she cannot maintain a suit for breach of contract based on the Bank's post default conduct.  *See id.* (holding that plaintiff could not maintain a breach of contract suit when she pleaded in her original state court petition that she was delinquent on her mortgage payments).  Summary judgment therefore is also

appropriate on this ground.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment (Docket Entry No. 17).

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of April, 2013.

_____
Gregg Costa
United States District Judge